BURBANK (LAMB v.). See Case No. 8,012.

---

## Case No. 2,138.

### In re BURCH.

[10 N. B. R. (1874) 150.] [1]

District Court, W. D. Michigan.

BANKRUPTCY—PETITION—SUFFICIENCY.

A petition was filed against B. to have him adjudged a bankrupt, June 25, 1874, the order to show cause being made returnable July 2, 1874. At the hearing the debtor's attorney objected to the petition on the ground that it contained no allegation that the petitioning creditor constituted one-fourth in number and one-third in value of B.'s creditors. At the time of filing the petition, neither the creditor, his attorney, nor the court, had reliable information whether the amendments to the bankrupt act had been approved or not. The court held that this case did not rest with those cases provided for in the act, when the petition having been filed by one creditor, before the law took effect, and no order of adjudication passed, time is to be given for other creditors to unite in the petition; that this provision relates only to cases commenced before the amendment took effect; and as the petitioning creditor does not, in fact, constitute one-fourth in number and one-third in value of the creditors of the

[1] [Reprinted by permission.]

alleged bankrupt, no amendment of the petition can be made. Petition dismissed.
[Cited, but not followed, in Re McKibben, Case No. 8,859.]

[In bankruptcy. Petition by a creditor of Thomas F. Burch praying an adjudication of bankruptcy against him. On the return day of the order to show cause, Burch moved to dismiss the petition, and the motion was granted.]

WITHEY, District Judge. A creditor's petition was filed June 25th, the order to show cause being returnable this 2d of July, 1874. The debtor now appears by his attorney, and takes objection to the petition that there is no allegation that the creditor constitutes one-fourth in number and one-third in value of Burch's creditors. At the time of filing the petition neither the creditor, his attorney, or the court, had information whether the amendments to the bankrupt act [June 22, 1874; 18 Stat. 178] had been approved or not. The last newspaper information threw doubt on the question whether the amendatory act would be approved; the next day information came that the bill was approved June 22d, and this proves to be reliable. The petition is in conformity to the law and forms heretofore governing, and hence contains no allegation as to the number and value of creditors who petition. There is no attempt to comply with the amendatory act. Since the amendments took effect a debtor cannot be adjudicated bankrupt unless one-fourth in number and one-third in value of his creditors unite in the petition, and therefore it would seem essential to make a prima facie case by the petition as to that material and substantial fact, before the court can acquire jurisdiction to grant an order to show cause. The language of section 39 is: "Shall be adjudged a bankrupt on the petition of one or more of his creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts, provable under this act, amounts to at least one-third of the debts so provable." It is necessary to jurisdiction that the petition allege that those petitioning constitute the requisite number and value. It is conceded that the one creditor who petitions does not constitute such number, hence there is nothing upon which an amendment can be based to bring the case within the requirement of the law. If the petitioner in fact constituted one-fourth in number and one-third in value, I should say the petition could be amended by the necessary allegation to that effect, because then it would be, in fact, on the petition of the required number and value, lacking only the formal allegation. It is contended that this case rests with those cases provided for in the act, where the petition having been filed by one creditor before the law took effect, and no order of adjudication passed, time is to be given for other creditors to unite in the

petition. But this is a misapprehension of the intention of such provision, for it relates only to cases commenced before the amendments took effect. A substantial averment is wanting in this petition, to give jurisdiction. Petition dismissed.